## STANDARD PRELIMINARY ORDER FOR ALL CIVIL CASES

To facilitate efficient disposition of motions and prompt resolution of disputes, the Court supplements and modifies the Local Rules as follows.  **IT IS ORDERED** that:

1. The Court enforces the requirements of the Local Rules, as modified and supplemented herein.  Parties are reminded that spacing, margin, and font constraints are mandatory, as are word limits; legal arguments require citation to legal authority; factual assertions unsupported by citation to specific evidence in the record will be disregarded; and a citation to a multi-page exhibit must contain a pin cite to the specific page and, where possible, the line or paragraph number containing the cited evidence.  To the extent a party incorporates by reference arguments in other briefs, the word limit for the incorporating brief is correspondingly decreased.

2. Litigants should submit proposed orders contemplated by Local Rule 5.3(f)(3) in Word format.

3. The parties are excused from compliance with Local Rule 5.1 absent specific request from the Court.  When requested, litigants shall deliver paper copies of briefs and exhibits to the Case Manager within three business days.

4. Because the Court generally works paperless, it is helpful for the parties to refer to pleadings, briefs, exhibits, and other material on the docket by the CM-ECF docket and page number, when that is possible.

5. When a party proffers deposition testimony in support of or in opposition to a motion, per Local Rule 7.1(c), the party shall submit relevant excerpts and plenty of surrounding content to provide context for cited passages. All excerpts from one person's deposition shall be submitted as one exhibit. Condensed transcripts of depositions are welcome. If a deposition transcript contains fewer than 30 pages, or if the litigant contemplates that the deposition will be referenced in motions several times over the course of the litigation, it may be submitted in full.

6. If one party has filed a document, a deposition, or other evidentiary material as an exhibit in support of or in opposition to a motion, the exhibit should not ordinarily be filed again absent a specific reason. Whether needed in connection with the motion at issue or a future motion, the previously-filed exhibit can simply be referenced and incorporated by description and CM-ECF docket number. Unnecessary duplicates complicate the record and confuse the Court.

7. A party seeking to file an exhibit or brief fully or partially under seal has the burden to establish, both as to the facts and the law, why public access

should be denied.  Statements in briefs are not evidence and are insufficient to meet this burden.  The Court requires an affidavit from a knowledgeable witness explaining what content is confidential and why.  Overbroad or unsupported motions will be denied without a second chance.  Before filing a motion to seal, counsel should review some of the Court's many opinions in this area, several of which are available on the Middle District website under "Opinions."  Patent cases are not treated differently.  If the parties expect to file multiple motions to seal, counsel shall consult with the Court's case manager about ways to facilitate the Court's review, to insure docket entries are clear, and to make the sealing process less difficult.

8. If a handwritten brief or pleading is necessary in the case of a pro se litigant, the document must be double-spaced and legible.  It must comply with the margin requirements of the Local Rules.

9. The Court often shortens the time for briefing in connection with motions to amend, discovery disputes, and other non-dispositive motions.  The parties should plan accordingly.

_____
/s/ Catherine C. Eagles
UNITED STATES DISTRICT JUDGE
