# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID ALLEN TRAPP, | : |
| Plaintiff, | : |
| v. | : Case No. 1:18-cv-00099-CCE-JLW |
| LEXISNEXIS RISK SOLUTIONS INC., | : |
| Defendant. | : |

## LEXISNEXIS RISK SOLUTIONS FL INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, LexisNexis Risk Solutions FL Inc. ("LNRS FL")[1], by counsel, submits the following Answer to Plaintiff's Complaint. LNRS FL denies all allegations in Plaintiff's Complaint that it does not explicitly admit, and answers as follows:

### PRELIMINARY STATEMENT

1. LNRS FL admits that Plaintiff purports to bring this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). LNRS FL denies the allegations in paragraph 1 of Plaintiff's Complaint relating to Equifax's actions for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged. LNRS FL denies the remaining allegations of paragraph 1 of Plaintiff's Complaint.

---

[1] Plaintiff names LexisNexis Risk Solutions Inc. as the defendant in his Complaint. Upon information and belief, the proper defendant is LexisNexis Risk Solutions FL Inc.

## JURISDICTION

2.  LNRS FL acknowledges that this Court has subject matter jurisdiction over actions arising under the FCRA. No answer is necessary to the remaining allegations in paragraph 2 of Plaintiff's Complaint because they only contain legal conclusions. To the extent that the allegations in paragraph 2 are contrary to law, they are denied.

## PARTIES

3.  LNRS FL denies the allegations in paragraph 3 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 3 of Plaintiff's Complaint because they only contain legal conclusions. To the extent that the remaining allegations in paragraph 3 are contrary to law, they are denied.

4.  No answer is necessary to paragraph 4 of Plaintiff's Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 4 are contrary to law, they are denied.

## FACTUAL ALLEGATIONS

5.  LNRS FL denies the allegations in paragraph 5 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

6.  LNRS FL denies the allegations in paragraph 6 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

7. LNRS FL denies the allegations in paragraph 7 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

8. LNRS FL denies the allegations in paragraph 8 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

9. LNRS FL denies the allegations in paragraph 9 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

10. LNRS FL denies the allegations in paragraph 10 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

11. LNRS FL denies the allegations in paragraph 11 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

12. LNRS FL admits that it has provided a restricted license to Equifax to resell its "Fraud Advisor" product. LNRS FL further admits that it has taken reasonable measures to assure that certain products, including the Fraud Advisor product offered by LNRS FL, are not used for eligibility decisions that would cause the product to fall within the FCRA's definition of consumer report.

13. LNRS FL denies the allegations in paragraph 13 of Plaintiff's Complaint that LNRS FL sold a "consumer report" to Equifax. LNRS FL denies the remaining allegations

relating to Equifax's actions in paragraph 13 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

14. The allegations in paragraph 14 of Plaintiff's Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 14 vary from the text of the document itself, they are denied.

15. LNRS FL denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. LNRS FL admits that it has taken reasonable measures to assure that certain products offered by LNRS FL are not used for eligibility decisions that would cause the product to fall within the FCRA's definition of consumer report. LNRS FL denies the remaining allegations in paragraph 16 of Plaintiff's Complaint.

17. LNRS FL denies the allegations in paragraph 17 of Plaintiff's Complaint.

18. LNRS FL denies the allegations in paragraph 18 of Plaintiff's Complaint that LNRS FL sold a "consumer report" to Equifax. LNRS FL further states that it has taken reasonable measures to assure that certain products offered by LNRS FL, including the Fraud Advisor product offered to Equifax, are not used for eligibility decisions that would cause the product to fall within the FCRA's definition of consumer report. LNRS FL denies the remaining allegations relating to Equifax's actions in paragraph 18 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

19. The allegations in paragraph 19 of Plaintiff's Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 19 vary from the

text of the document itself, they are denied. LNRS FL denies the remaining allegations in paragraph 19 of Plaintiff's Complaint.

20. LNRS FL denies the allegations in paragraph 20 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

21. LNRS FL denies the allegations in paragraph 21 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

22. LNRS FL denies the allegations in paragraph 22 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

23. LNRS FL denies the allegations in paragraph 23 of Plaintiff's Complaint.

24. LNRS FL denies the allegations in paragraph 24 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

25. LNRS FL denies the allegations in paragraph 25 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

26. LNRS FL denies the allegations in paragraph 26 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

27. LNRS FL denies the allegations in paragraph 27 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

28. LNRS FL denies the allegations in paragraph 28 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

29. LNRS FL denies the allegations in paragraph 29 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

30. LNRS FL denies the allegations in paragraph 30 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged. LNRS FL denies the remaining allegations in paragraph 30 of Plaintiff's Complaint.

31. LNRS FL denies the allegations in paragraph 31 of Plaintiff's Complaint.

32. LNRS FL denies the allegations in paragraph 32 of Plaintiff's Complaint.

33. LNRS FL denies the allegations in paragraph 33 of Plaintiff's Complaint.

34. LNRS FL denies the allegations in paragraph 34 of Plaintiff's Complaint.

35. LNRS FL denies the allegations in paragraph 35 of Plaintiff's Complaint.

36. LNRS FL denies the allegations in paragraph 36 of Plaintiff's Complaint.

37. LNRS FL denies the allegations in paragraph 37 of Plaintiff's Complaint.

38. The allegations in paragraph 38 of Plaintiff's Complaint refer to documents, which speak for themselves. To the extent that the allegations of paragraph 38 vary from the text of the documents themselves, they are denied.

39. The allegations in paragraph 39 of Plaintiff's Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 39 vary from the text of the document itself, they are denied. LNRS FL denies the remaining allegations in paragraph 39 of Plaintiff's Complaint.

40. LNRS FL admits the allegations in paragraph 40 of Plaintiff's Complaint. LNRS FL further admits it has taken reasonable measures to assure that certain products offered by LNRS FL are not used for eligibility decisions that would cause the product to fall within the FCRA's definition of consumer report.

41. LNRS FL denies the allegations in paragraph 41 of Plaintiff's Complaint.

42. LNRS FL denies the allegations in paragraph 42 of Plaintiff's Complaint.

### CLAIM ONE: ALLEGED VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)

43. LNRS FL incorporates its responses and denials to paragraphs 1 through 42 of Plaintiff's Complaint as if fully restated.

44. LNRS FL denies the allegations in paragraph 44 of Plaintiff's Complaint.

45. LNRS FL denies the allegations in paragraph 45 of Plaintiff's Complaint.

46. LNRS FL denies the allegations in paragraph 46 of Plaintiff's Complaint.

47. LNRS FL denies the allegations in paragraph 47 of Plaintiff's Complaint.

LNRS FL denies all the remaining allegations in Plaintiff's Complaint to the extent not expressly admitted above, and otherwise denies that it is liable to Plaintiff for any of the requests for relief set forth in Plaintiff's Complaint.

## ADDITIONAL DEFENSES

Without admitting any of the allegations in Plaintiff's Complaint, and without admitting or acknowledging that LNRS FL bears the burden of proof as to any of them, LNRS FL asserts the following additional defenses. LNRS FL intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to assert all such defenses, including but not limited to those listed in Federal Rule of Civil Procedure 8(c).

## FIRST ADDITIONAL DEFENSE

Plaintiff's Complaint fails to the extent that it does not state a claim upon which the Court may grant relief.

## SECOND ADDITIONAL DEFENSE

Plaintiff's Complaint fails to the extent that Plaintiff lacks Article III standing or has not taken action necessary to recover under the FCRA.

## THIRD ADDITIONAL DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against LNRS FL, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. LNRS FL is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## FOURTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by LNRS FL, or are the result of Plaintiff's own acts, errors, and omissions, which were the sole cause of any such damages.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are not compensable to the extent they are speculative or uncertain.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he lacks injury or damages, whether actual, presumed, or otherwise.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff failed to take reasonable steps to prevent damages, if any, and failed to mitigate any such alleged damages.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff's FCRA claims are barred to the extent that Plaintiff released his claims as part of the settlement agreement in *Berry v. LexisNexis Risk & Information Analytics Group, Inc.*, No. 3:11-cv-00754 (E.D. Va.).

## NINTH ADDITIONAL DEFENSE

Plaintiff's claims are barred as matters of law to the extent that the report at issue in the Complaint is not a "consumer report" and LNRS FL is not a "consumer reporting agency," as those terms are defined under the FCRA.

## TENTH ADDITIONAL DEFENSE

Plaintiff's Complaint fails to the extent it does not allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

## ELEVENTH ADDITIONAL DEFENSE

LNRS FL reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, LNRS FL requests this Court to enter a judgment:

1. denying Plaintiff any and all relief in this case;
2. dismissing Plaintiff's claims in their entirety;
3. dismissing this case with prejudice;
4. awarding LNRS FL its costs and attorneys' fees incurred in this case; and
5. granting LNRS FL all other remedies that the Court deems just and proper.

Dated: May 1, 2018

TROUTMAN SANDERS LLP

By: /s/ D. Kyle Deak
　　D. Kyle Deak
N.C. Bar No. 35799
305 Church at North Hills Street, Suite 1200
Raleigh, North Carolina 27609
Telephone: (919) 835-4133
Facsimile: (919) 829-8725
Kyle.deak@troutman.com
*Counsel for LNRS*

# CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and that notices would be delivered electronically to counsel for the parties.

SUSAN M. ROTKIS
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: srotkis@clalegal.com

*Counsel for Plaintiff*

                                      By: /s/ D. Kyle Deak_____
                                           D. Kyle Deak
                                      N.C. Bar No. 35799
                                      305 Church at North Hills Street, Suite 1200
                                      Raleigh, North Carolina 27609
                                      Telephone: (919) 835-4133
                                      Facsimile: (919) 829-8725
                                      Kyle.deak@troutman.com

34897165