IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:18-cv-99

| | |
|---|---|
| DAVID ALLEN TRAPP, <br><br> Plaintiff, <br><br> v. <br><br> LEXISNEXIS RISK SOLUTIONS, INC, <br><br> Defendant. | JOINT RULE 26(f) REPORT |

Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), Plaintiff David Allen Trapp and Defendant LexisNexis Risk Solutions Inc. submit this Joint Rule 26(f) Report for consideration by the Court.

1. <u>Meeting</u>. A telephone conference was held on May 8, 2018 in which Susan M. Rotkis, attorney for Plaintiff, and Kyle Deak, attorney for Defendant, participated.

2. <u>Discovery Plan</u>. The parties propose the following discovery plan:

   a. The parties timely exchanged information required by Fed. R. Civ. P. 26(a)(1) within fourteen (14) days after the Rule 26(f) discovery planning conference.

   b. Discovery will be needed on the following subjects: The elements necessary to prove Plaintiff's claims; Plaintiff's allegations and claimed damages as set forth in his Complaint; whether LexisNexis is a consumer reporting agency; whether LexisNexis supplied a consumer report or any information to any third party that Mr. Trapp

1

was deceased; whether LexisNexis supplied a consumer report or any information to any third party that Mr. Trapp was a fraud risk; whether LexisNexis supplied a consumer report or any information to any third party that Mr. Trapp was the highest risk of fraud; whether LexisNexis sells a fraud advisor product to third parties; whether LexisNexis scores consumers as fraud risks; whether LexisNexis scored Mr. Trapp as a fraud risk; whether LexisNexis supplied a consumer report or any information to third parties that indicated a phone number associated with Mr. Trapp could not be verified and the reason that indicated a risk of fraud; the source of death information bought and sold by LexisNexis; Defendant's defenses as set forth in its Answer and any other defenses that may become applicable during discovery; third party discovery; expert disclosures and expert discovery; other issues raised by the pleadings; and all other matters that will reasonably lead to the discovery of admissible evidence.

    c.    The parties propose and agree that the appropriate case management track for this case is that designated in Local Rule 26.1(a) as Exceptional, with no stipulated modifications at this time.

    d.    All discovery is to be commenced in time to be completed within nine (9) months from the date of the initial pretrial order, which discovery shall be completed on or before February 20, 2019.

e. Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period as follows

   i. Served by Plaintiff on or before November 20, 2018, which is not later than five (5) months from the date of the initial pretrial order.

   ii. Served by Defendant on or before December 20, 2018, which is not later than six (6) months from the date of the initial pretrial order.

f. Each disclosed expert shall be made available for deposition during the twenty (20) day period following service of his or her respective expert report.

g. Supplementations under Rule 26(e) known at that time must be received by the opposing party not later than January 5, 2019. If supplementation is required after the completion of discovery, such supplementation shall be made as soon as reasonably possible.

h. The parties agree to confer in good faith on any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

3. <u>Mediation</u>. The parties request referral to a United States Magistrate Judge for the purpose of scheduling a settlement conference. Mediation will be held before the

close of the discovery period, the exact date to be set by the Magistrate Judge after consultation with the parties.

4. <u>Preliminary Deposition Schedule</u>.  The parties agree to confer and attempt to schedule any depositions on mutually agreeable dates during the discovery period.  The parties further agree that depositions will be scheduled after the receipt of Rule 26(a)(1) initial disclosures and that Plaintiff and Defendant shall make retained experts available for deposition as soon as possible after submission of each expert's report.

5. <u>Other Items.</u>

   a. The parties do not request a pretrial conference hearing with the Court before entry of the scheduling order.

   b. The parties should be allowed until fourteen (14) days from the date of the initial pretrial order to request leave to join additional parties or to amend their pleadings.  After this date, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

   c. The Parties will submit a proposed confidentiality and/or protective order for Court approval within fourteen (14) days from the date of the initial pretrial order.

   d. The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 29 U.S.C. § 636(c), or appointment of a master.  The

4

parties do not consent to the reference of this case to a magistrate judge, but do not consent to an appointment of a master.

e. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service by e-mail of all discovery requests, written responses, and any other paper that is not required to be filed with the Court. The parties acknowledge and understand, consistent with Fed. R. Civ. P. 6(d), that when a party may or must act within a specified time after service and service is made by e-mail pursuant to this consent provision, three (3) days are added after the period would otherwise expire under Rule 6(a). The parties also consent, consistent with Fed. R. Civ. P. 5(b)(3) and Local Rule 5.3(b)(2), that electronic transmission of a document to the Electronic Filing System with the transmission of the Notice of Electronic Filing ("NEF") constitutes service of the filed document upon each party in the case who is registered as a Filing User. The parties further acknowledge and understand that when a party may or must act within a specified time after service and service is made by NEF, three (3) days are added after the period would otherwise expire under Rule 6(a), unless otherwise ordered or directed by the Court.

f. All potentially dispositive motions should be filed on or before March 20, 2019.

g.  Trial of this action is expected to take approximately 2-4 days and may be set according to the Court's availability in approximately June of 2019. A jury trial has been demanded.

Respectfully submitted this the 6th day of June, 2018.

   /s/ Leonard A. Bennett

Leonard A. Bennett
N.C. State Bar No. 21576
Attorney for Plaintiff David Allen Trapp
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com


   /s/ Susan M. Rotkis
Susan M. Rotkis
Va. State Bar No. 40693
Attorney for Plaintiff David Allen Trapp
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: srotkis@clalegal.com

*Plaintiff's Counsel*


/s/ D. Kyle Deak
D. Kyle Deak
N.C. Bar No. 35799
Attorney for Defendant
Troutman Sanders LLP

6

305 Church at North Hills Street, Suite 1200
Raleigh, North Carolina 27609
Telephone: (919) 835-4133
Facsimile: (919) 829-8725
Kyle.deak@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court on June 6, 2018, using the CM/ECF system, which will send notification of such filing to all counsel of record.

 /s/ Susan M. Rotkis
Susan M. Rotkis
Va. State Bar No. 40693
Attorney for Plaintiff David Allen Trapp
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: srotkis@clalegal.com

*Plaintiff's Counsel*